In the Matter of the Appraisal under the Transfer Tax Law of the Estate of GEORGE KERR, Late of the City of Yonkers, N. Y., Deceased.

Surrogate's Court, Westchester County, November 19, 1926.

Taxation — transfer tax — appraisal of shares of closely held stock in foreign corporation — State Tax Commission fixed value per share at $219.89 — evidence shows actual sales at $160, $165 and $145 per share — valuation reduced to $175 per share.

Upon an appeal from a *pro forma* order of the Surrogate's Court confirming the appraisal of the State Tax Commission as to the value of shares of closely held

stock of a foreign corporation, the value thereof should be reduced from $219.89 per share to $175 per share, where the only evidence of the fair market value of the stock is the fact that on two occasions sales were made, in the course of settling two estates, at $160 per share and two years later, at $145 per share, and the contention of the executors, based upon sales, that the fair market value is $165 per share.

Appeal from a *pro forma* order of the surrogate affirming the appraisement by the State Tax Commission.

*S. H. & S. F. Thayer,* for the executors.

*Charles A. Curtin,* for the State Tax Commission.

Slater, S. The question involved in this matter relates to the value of shares of closely held stock in the corporation of Folwell Brother & Company of Philadelphia. The State Tax Commission has appraised 400 shares of the value per share of $219.89. The executors contend the fair market value is $165 per share, based upon sales. The State contends that the cases of *Matter of Dupignac* (123 Misc. 21, opinion by this court; affd., 211 App. Div. 862) and *Matter of Jackson* (by Surrogate Foley, 125 Misc. 787) support their theory of appraisement on actual value from the financial statements of the company. There is a difference between the instant case and the cases cited by the State Tax Commission. In the *Dupignac* case no sales had been made, and of course, none were considered. Ample evidence was taken to permit the court to ascertain the value of the good will, as well as the value of the stock. Such testimony has not been offered in the instant case. In *Matter of Jackson* there was a great divergence between the appraised value at $299.21 per share and actual sales, which were made at the rate of $100 per share, showing evidently that they were cash sales, or made only for purpose of transferring the title. In the instant case actual sales are referred to during the year 1924 and in the year 1926 after the decedent's death. In 1924 stock was sold at $160 per share. In 1926, after the decedent's death, it sold for $145 per share. These sales were made in the course of settling two estates. There is not a wide difference in range of value between $165 per share and the appraised value of $219.89, indicating that the actual sales at $165 was possibly the fair market value on a narrow market. Without these sales, and following my opinion in *Matter of Dupignac (supra),* I would necessarily have to find the value of the stock as the actual value. But, even to do that, no testimony has been offered, except as may be found in the report of the appraiser and that fails to indicate how the appraiser arrived at the value of good will.

Consequently, I feel with proof of actual sales that I might very well decide this matter by reducing the value of the shares of stock and appraise them at $175 per share.

An order may be entered in accordance with this memorandum.